**\*\* E-filed November 30, 2009 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FANG-YUH HSIEH,<br><br>　　　　Plaintiff,<br>　　v.<br><br>STANFORD UNIVERSITY; ERIC K. SHINSEKI, Dept. of Veterans Affairs; and PHILIP LAVORI, in his individual capacity,<br><br>　　　　Defendants. | No. C09-05455 HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Re: Docket No. 3]** |

Presently before the court is plaintiff's motion for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, plaintiff has expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

Generally, there is no right to counsel in a civil case. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts have discretion to request volunteer counsel for indigent civil litigants upon a showing of exceptional circumstances. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) ("The court may appoint counsel under section 1915[(e)(1)] . . . only under 'exceptional circumstances' "). Section

---

[1] The provisions of § 1915(e)(1) were formerly located at 28 U.S.C. § 1915(d).

1915(e)(1) does not give courts the power to make coercive appointments of counsel. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 310 (1989).

In order to determine whether exceptional circumstances exist, this court must determine (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017. Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

In this case, the court does not find that exceptional circumstances exist. First, the court is unable to discern from the complaint the likelihood of success on the merits. Second, the court finds that the issues plaintiff raises in his complaint are not complex, and, based on the papers filed to date, it is clear that plaintiff is capable of adequately articulating his claims *pro se*. Accordingly, the court denies the request, but suggests that plaintiff may wish to contact the following organization for possible assistance in obtaining representation:

**Santa Clara County Bar Association Lawyer Referral Service**

31 North Second Street, 4th Floor
San Jose, CA 95113
Phone:  (408) 287-2557
Fax:  (408) 850-1506
http://www.sccba.com

**IT IS SO ORDERED.**

Dated: November 30, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C 09-05455 Notice will be sent by other means to:**

Fang-Yuh Hsieh
1394 University Ave.
Palo Alto, CA 94301

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**