\*\* E-filed April 6, 2010 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FANG-YUH HSIEH,<br><br>  Plaintiff,<br>  v.<br><br>STANFORD UNIVERSITY; ERIC K. SHINSEKI, DEPT. OF VETERANS AFFAIRS; and PHILIP LAVORI, in his individual capacity,<br><br>  Defendants. | No. C09-05455 HRL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Re: Docket No. 18] |

Pro se plaintiff Fang-Yuh Hsieh filed a Title VII employment discrimination complaint against Stanford University ("Stanford"); Eric Shinseki, Department of Veterans Affairs ("VA"); and Philip Lavori, his former supervisor. Hsieh's Second Amended Complaint ("SAC") alleges that defendants discriminated against him on account of his age, race, color, and national origin when they failed to employ him for positions for which he claims he was qualified. He also alleges that defendants "blacklisted and blackballed" him in retaliation for his prior discrimination complaints and that "[t]here was a conspiracy" to prevent his employment. (SAC ¶ 4.) Although not attached to the SAC, earlier versions of Hsieh's complaint included copies of two Equal Employment Opportunity Commission ("EEOC") right-to-sue letters from November and December 2009.

Defendants Stanford and Lavori now move to dismiss plaintiff's claims on grounds that the court lacks subject-matter jurisdiction and that the complaint fails to state a claim. Hsieh opposes

the motion. Upon consideration of the moving and responding papers, as well as the arguments presented at the motion hearing, the court GRANTS defendants' motion.[1]

## DISCUSSION

### A.  Lack of Subject-Matter Jurisdiction

A party may raise a lack of subject-matter jurisdiction by motion prior to filing an answer to a complaint. Fed. R. Civ. P. 12(b)(1). If the court determines that it does not have subject-matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3). A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Stanford and Lavori argue that the court lacks subject-matter jurisdiction over Hsieh's Title VII claims against them because he failed to exhaust his administrative remedies. They assert that his EEOC right-to-sue letters reference the Age Discrimination in Employment Act ("ADEA"), not Title VII. They further allege that the letters show that Hsieh made ADEA charges against Stanford only. Hsieh responds that the court does have subject-matter jurisdiction over the SAC precisely because his claims are pursuant to the ADEA and that his right-to-sue letters prove that he has exhausted his administrative remedies.

Even though Hsieh's right-to-sue letters speak to ADEA charges and the SAC includes a claim of age discrimination, the SAC clearly pleads that his action is "pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination." (SAC ¶ 3.) The SAC also pleads claims of discrimination based on race, color, and national origin, which are outside the boundaries of ADEA protection. *See* 29 U.S.C. § 623. During the motion hearing, Hsieh clarified that he *is* alleging Title VII claims against the VA, but that he is alleging ADEA claims against Stanford. He said that he used a form complaint that did not allow him to add a reference to the ADEA. Notwithstanding this explanation, plaintiff's SAC, as written, fails to put defendants on proper notice of an ADEA claim.

///

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

Indeed, Hsieh's statements to the court, along with the fact that he has presented no evidence that he first filed a timely charge with the EEOC against Stanford and Lavori concerning Title VII, *see B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1109 (9th Cir. 2002), establish that this court lacks subject-matter jurisdiction over any Title VII claims Hsieh has against these two defendants.[2] Accordingly, the court must dismiss his Title VII claims against Stanford and Lavori.

**B.     Failure to State a Claim**

On motion, a court also may dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The Federal Rules require that a complaint include a "short and plain statement" showing plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Yet only plausible claims that "raise a right to relief above the speculative level" will survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Defendants argue that the SAC fails to state a claim against Lavori because he cannot be sued as an individual under either Title VII or the ADEA. Hsieh does not address defendants' claim of a statutory bar, but instead counters that he can sue Lavori because he "was not an individual VA employee" during the period of time at issue in the SAC. He also argues that Lavori must remain in the case so plaintiff can investigate his claims through discovery.

Defendants are correct that Lavori is not a proper defendant under Title VII or the ADEA. "The liability schemes under Title VII and the ADEA are essentially the same in aspects relevant to this issue; they both limit civil liability to the employer." *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). The ADEA defines "employer" to include "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year" as well as "any agent of such a person." 29 U.S.C. § 630(b). Yet Congress only meant by this definition to extend respondeat superior liability to employers—not to extend liability to individuals. *Miller*, 991 F.2d at 588; *see also Heilman v. Memeo*, No. 08-16705, 2009 WL 4912629 (9th Cir. Nov. 20, 2009) ("[A] supervisor cannot be held liable in his individual capacity for violating the ADEA."). Consequently,

///

---

[2] The VA answered the SAC (Docket No. 22) and has not yet challenged Hsieh's Title VII claims.

Hsieh cannot sue Lavori as an individual under either Title VII or the ADEA, regardless of whether Lavori worked for Stanford or the VA at the time of the allegations in his complaint.

## CONCLUSION

Based on the foregoing:

1. Defendants' motion to dismiss for lack of subject-matter jurisdiction is GRANTED without leave to amend as to plaintiff's Title VII claims against them. This order does not disturb plaintiff's Title VII claims against the VA.
2. Defendants' motion to dismiss for lack of subject-matter jurisdiction is GRANTED with leave to amend as to plaintiff's ADEA claims.
3. Defendants' motion to dismiss Lavori for failure to state a claim is GRANTED without leave to amend.
4. Plaintiff may file a Third Amended Complaint by April 23, 2010.
5. The Initial Case Management Conference is CONTINUED to May 25, 2010 at 1:30 p.m. The parties shall file a Joint Case Management Statement by May 18, 2010.
6. Discovery is stayed until the parties meet and confer as required by Federal Rule of Civil Procedure 26(f).

**IT IS SO ORDERED.**

Dated: April 6, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C09-05455 Notice will be electronically mailed to:**

| | |
|---|---|
| Jennifer S Wang | jennifer.s.wang@usdoj.gov, bonny.wong@usdoj.gov, lily.c.ho-vuong@usdoj.gov |
| Rosa Maria Loya | rosa.loya@pillsburylaw.com, docket@pillsburylaw.com |
| Sarah G. Flanagan | sarah.flanagan@pillsburylaw.com, docket@pillsburylaw.com, susie.macken@pillsburylaw.com |

**Notice will be sent by other means to:**

Fang-Yuh Hsieh
1394 University Avenue
Palo Alto, CA 94301

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**