\*\* E-filed November 3, 2010 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FANG-YUH HSIEH,<br><br>    Plaintiff,<br><br>  v.<br><br>STANFORD UNIVERSITY, et al.,<br><br>    Defendants.<br>_____/ | No. C09-05455 HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>[Re: Docket No. 59] |

**BACKGROUND**

The Department of Veterans Affairs's ("VA") Cooperative Studies Program ("CSP") plans and conducts large clinical trials. Through its five coordinating centers, the CSP provides statistical and administrative support to VA investigators conducting clinical trials. *Pro se* plaintiff Fang-Yuh Hsieh ("Plaintiff") was employed by one of those coordinating centers, the Veterans Affairs Cooperative Studies Program Coordinating Center in Palo Alto, California ("Palo Alto VA-CSPCC"), as a mathematical statistician from 1994 to 2002.

    A. <u>Plaintiff's Previous Lawsuit</u>

Plaintiff claimed he was harassed and terminated in 2002 after he complained to his supervisor, Dr. Philip Lavori ("Dr. Lavori"), about discriminatory treatment. Plaintiff sued the VA and Dr. Lavori in 2006 based on this alleged conduct, the failure to reinstate him to a mathematical statistician position, and the failure to hire him for another position in 2005. That case resulted in

summary judgment for the defendants, a judgment upheld on appeal. *See Hsieh v. Peake, et al.*, No. C06-05281 PJH.

### B. Plaintiff's Instant Lawsuit

In November 2009, Plaintiff filed a new lawsuit, this time against defendants Eric Shinseki, Secretary of the Department of Veterans Affairs (the "Federal Defendant"), Stanford University ("Stanford"), and Dr. Lavori. (Docket No. 1.) His claims against the Federal Defendant involve his four applications for statistician positions in 2009.[1] Specifically, Plaintiff alleges that on May 1, 2009, he applied for a statistician position at the VA's Center for Health Care Evaluation ("VA-CHCE"); on June 5, 2009, he applied for a statistician position at the Palo Alto VA-CSPCC; and on August 5, 2009, he applied for a statistician position at the VA's Office of Public Health Surveillance and Research ("VA-OPHSR"). Apparently, no candidates were hired for either the Palo Alto VA-CSPCC or the VA-OPHSR positions, and Plaintiff was not hired for the VA-CHCE position. Plaintiff further alleges that he applied for a joint VA/Stanford position by sending his application materials to Dr. Lavori on May 3, 2009, but he did not get the job. Plaintiff claims that the Federal Defendant's actions violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"). (Docket No. 46.) The Federal Defendant denies Plaintiff's allegations and further asserts that it had legitimate, non-discriminatory, and non-retaliatory reasons for his employment decisions. (Docket No. 47.)

With discovery open, Plaintiff propounded a number of Requests for the Production of Documents ("RFPs") on the Federal Defendant between July 2 and September 9. (Docket No. 64 ("Wang Decl."), Exs. A-G.) Plaintiff was unhappy with the Federal Defendant's responses to

---

[1] As for his claims against Stanford, Plaintiff alleges in the third amended complaint that on May 3, 2009, he applied for a joint Stanford/VA CSPCC position but that an individual ten years younger than Plaintiff, got the job instead. (Docket No. 46.) Plaintiff further alleges that on September 17, 2008, October 3 and November 24, 2009, he applied for three other positions at Stanford but that, again, younger, less-qualified individuals got the jobs. (*Id*.) Plaintiff believes that he was "blackballed and blacklisted" by the Federal Defendant and Stanford in retaliation for his prior discrimination complaints and that there was a conspiracy to preclude him from employment. (*Id*.) Stanford admits that Plaintiff applied and was not hired for four positions at Stanford but denies Plaintiff's claims of age discrimination and retaliation. (Docket No. 48.) Plaintiff's claims against Dr. Lavori were previously dismissed by this Court. (Docket No. 45.)

several of them, so the parties met and conferred three times, without much success. (Docket No. 60 ("Memo") at 2.) Plaintiff now moves for an order compelling the Federal Defendant to produce documents in response to his RFP Nos. 30, 32, 33, 34, 35, 37, and 38. (Docket No. 59 ("Motion").)[2]

## LEGAL STANDARD

Unless otherwise limited by court order, the Federal Rules of Civil Procedure allow parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. FED. R. CIV. P. 26(b)(1). However, a court must limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C)(iii).

## DISCUSSION

A. <u>RFP Nos. 34, 35, 37, and 38</u>

Plaintiff served RFP Nos. 34, 35, 37, and 38 between August 26 and September 9. (Wang Decl., Exs. D-G.) The Federal Defendant's responses to these requests, then, did not start to become due until September 25. FED R. CIV. P. 34(b)(2)(A) (providing thirty days to respond). Plaintiff filed the instant motion on September 14, which makes his motion premature as to these requests.[3] Accordingly, Plaintiff's motion will be denied as to RFP Nos. 34, 35, 37, and 38.

---

[2] RFP No. 30 seeks "[e]ach and every CSP monthly conference call minutes in 2009 and 2010 regarding hiring of statisticians and personnel budget at Palo Alto." RFP No. 32 seeks "[e]ach and every CSP monthly conference call minutes from 2002 to present regarding hiring of statisticians and personnel budget at Palo Alto CSPCC." RFP No. 33 seeks "[e]ach and every CSP report/writing related to monthly conference call from 2002 to present regarding hiring of statisticians and personnel budget at Palo Alto CSPCC." RFP No. 34 seeks "[e]ach and every CSP report/memo/agenda/minutes/writing related to monthly conference call with Palo Alto CSPCC from 2002 to present." RFP No. 35 seeks "[a]ll documents or tangible things that you identified in your response to plaintiff's Interrogatories #24 and 25." (Interrogatory Nos. 24 and 25 ask for a description of documents used during contact between the CSP and Palo Alto CSPCC related to project assignments, budget allocations, and hiring of personnel as well as for a list of jobs posted and information about the person ultimately hired for each job.) RFP No. 37 seeks "[a]ll writings for years 2009 and 2010 that you identified in your responses to plaintiff's Request for Admission #9." (Request for Admission No. 9 generally asks the Federal Defendant to admit that documents exist that relate to conference calls between the CSP and coordinating centers.) (Wang Decl., Exs. A-G.)

[3] Plaintiff states that counsel for the Federal Defendant suggested to him during a telephonic meet-and-confer on September 13 that RFP Nos. 34, 35, 37, and 38 were "overly broad" and that he

3

B. RFP Nos. 30, 32, and 33

At oral argument, Plaintiff and the Federal Defendant explained that there are monthly conference calls between the CSP Central Office in Washington, D.C. and the five CSP coordinating centers, which are located in Palo Alto, California; West Haven, Connecticut; Hines, Illinois; Boston, Massachusetts; and Perry Point, Maryland. Plaintiff then explained that RFP Nos. 30, 32, and 33 basically seek the same documents: he wants any documents related to these monthly conference calls regarding the hiring of statisticians at, and the personnel budget for, the Palo Alto VA-CSPCC.

The Federal Defendant's initial responses to these requests were, essentially, that it conducted a "diligent search" for responsive documents from 2008 and 2010, but it did not find any. It also responded that it would not search for documents prior to 2008 because any documents from before that time period were not relevant to the any of the positions at issue in this action.[4]

In her first supporting declaration, counsel for the Federal Defendant explained that how she conducted her search for documents:

> It is my understanding that every month the CSP central office in Washington, D.C. has a call with the center directors, and that since 2004, Dr. Grant Huang, Deputy Director of CSP initiates the calls. Dr. Huang represented to me that the call is mainly informational in nature. For example the participants provide summaries or updates of recent activities and on occasion, discuss case studies. I had asked Dr. Huang for minutes from the calls, and all reports and writings related to the monthly conference call. Dr. Huang represented that he did not know what documents would be included in such a request, other than conference call agendas. Dr. Huang represented to me that he did not take notes or minutes from the calls, and that no official minutes are taken of the calls. I asked Dr. Dr. [sic] Mark Holodniy (Acting Director of Palo Alto CSPCC from approximately February 2007 to September 2009) for minutes and documents from monthly conference calls with CSP. Dr. Holodniy represented to me that he had no such documents. It is my understanding that neither

---

should narrow them. (Docket No. 61 ("Hsieh Decl.") at 2-3.). Counsel for the Federal Defendant denies this, and instead states that they did not discuss RFP Nos. 35, 37 or 38 and that Plaintiff did not want to discuss RFP No. 34. (Wang Decl., ¶ 22.)

[4] Indeed, the Federal Defendant's initial response to RFP No. 30 was that "[a]fter a diligent search, defendant has not located any documents responsive to this request." (Wang Decl., Ex. M.) As for RFP No. 32, the Federal Defendant originally responded that it was not able to find any minutes from 2008, that a request for minutes from 2009 or 2010 was duplicative of RFP No. 30 (and no responsive documents were found anyway), and that any minutes from 2002 to 2007 are irrelevant to the claims and defenses in this action because the there is only one Palo Alto VA-CSPCC position at issue here and it was advertised and withdrawn in 2009. (*See* Docket No. 63 ("Opp'n") at 9; Wang Decl., Ex. N.) The Federal Defendant similarly objected to RFP No. 33. (Wang Decl., Ex. O.)

4

1  Dr. Ying Lu (current Director of the Palo Alto CSPCC) nor Rossana Gonzalez-Ayala
2  (current Administrative Officer for Palo Alto CSPCC) have located notes of any such calls.

3  (Wang Decl., ¶ 18.)

4  The day before this Court was to hear oral argument on Plaintiff's motion, the Federal Defendant filed a second declaration. (Docket No. 69 ("Wang Supp. Decl.").  In it, counsel for the Federal Defendant stated that documents related to these conference calls did, in fact, exist. (Wang Supp. Decl., ¶¶ 9-10.)  Specifically, she found and produced to Plaintiff some agendas for, and notes of, some of the monthly conference calls since January 2008. (Wang Supp. Decl., ¶¶ 9-10, Ex. W.) She found the notes by searching the emails of Kelvin Lee, Associate Director of the Palo Alto CSPCC, and Dr. Holodniy, Acting Director of the Palo Alto VA-CSPCC from February 2007 to September 2009 and the same person who had previously told her that he had no documents related to the monthly conference calls. (Wang Supp. Decl., ¶ 10.)  This new information, then, makes it clear that the Federal Defendant did not conduct such a "diligent search" after all, and Plaintiff's motion will be granted with respect to these requests.

Significantly, Plaintiff stated at the motion hearing that what he is really seeking are any documents that concern him or his applications.  After further discussion with the parties, the Court concludes that the Federal Defendant shall search the documents (including electronic documents) of the directors of the five CSP coordinating centers during 2009 and 2010 and produce to Plaintiff (1) any documents that refer to Plaintiff (whether by name or otherwise) and (2) any documents that relate to the monthly conference calls between the CSP central office in Washington, D.C., and the five CSP coordinating centers since January 2009 and involve either the hiring of statisticians at, or the personnel budget for, the Palo Alto VA-CSPCC.  The directors of the five CSP coordinating centers shall all submit declarations as to the steps taken in searching for responsive documents.

The Court is not persuaded, though, that documents created prior to 2009 are relevant to this action, especially considering that Plaintiff lost his previous law suit concerning prior positions. In this law suit, Plaintiff's claims against the Federal Defendant involve four positions he applied for in 2009 but did not get.  Any relevant discussions between the CSP central office in Washington,

5

1  D.C. and the five CSP coordinating centers about Plaintiff's applications for them, then, would have
2  occurred in 2009 or 2010.[5]

**CONCLUSION**

Based on the foregoing, Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART.  Plaintiff's motion is DENIED as to RFP Nos. 34, 35, 37, and 38, but it is GRANTED as to RFP Nos. 30, 32, and 33.  Within 14 days from the date of this order, the Federal Defendant shall search the documents (including electronic documents) of the directors of the five CSP coordinating centers during 2009 and 2010 and produce to Plaintiff (1) any documents that refer to Plaintiff (whether by name or otherwise) and (2) any documents that relate to the monthly conference calls between the CSP central office in Washington, D.C., and the five CSP coordinating centers since January 2009 and involve either the hiring of statisticians at, or the personnel budget for, the Palo Alto VA-CSPCC.  The Federal Defendant need only search for and produce documents created since January 2009.  The directors of the five CSP coordinating centers shall all submit declarations as to the steps taken in searching for responsive documents.

**IT IS SO ORDERED.**

Dated: November 3, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[5] In his reply, Plaintiff cites a United States Supreme Court case for the point that an employee could use prior acts as background evidence in support of a timely claim, but that case was about the tolling of a limitations period and not whether certain requested discovery is relevant or not.  See *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

Case 5:09-cv-05455-HRL   Document 73   Filed 11/03/10   Page 7 of 7

**C09-05455 HRL N**otice will be electronically mailed to:

| | |
|---|---|
| Jennifer S Wang | jennifer.s.wang@usdoj.gov, bonny.wong@usdoj.gov, lily.c.ho-vuong@usdoj.gov |
| Rosa Maria Loya | rosa.loya@pillsburylaw.com, docket@pillsburylaw.com |
| Sarah G. Flanagan | sarah.flanagan@pillsburylaw.com, docket@pillsburylaw.com, susie.macken@pillsburylaw.com |

**Notice will be sent by other means to:**

Fang-Yuh Hsieh
1394 University Avenue
Palo Alto, CA 94301

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

7