**\*\* E-filed December 15, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FANG-YUH HSIEH,<br><br>  Plaintiffs,<br>v.<br><br>STANFORD UNIVERSITY, et al.,<br><br>  Defendants.<br>_____/ | No. C09-05455 HRL<br><br>**ORDER DENYING (1) PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT, (2) PLAINTIFF'S MOTION FOR EXTENTION OF TIME TO COMPLETE DISCOVERY, AND (3) PLAINTIFF'S MOTION TO COMPEL DEFENDANT STANFORD UNIVERSITY TO PRODUCE DOCUMENTS**<br><br>[Re: Docket Nos. 71, 72 & 76] |

**BACKGROUND**

The Department of Veterans Affairs's ("VA") Cooperative Studies Program ("CSP") plans and conducts large clinical trials. Through its five coordinating centers, the CSP provides statistical and administrative support to VA investigators conducting clinical trials. *Pro se* plaintiff Fang-Yuh "Frank" Hsieh ("Plaintiff") was employed by one of those coordinating centers, the Veterans Affairs Cooperative Studies Program Coordinating Center in Palo Alto, California ("Palo Alto VA-CSPCC"), as a mathematical statistician from 1994 to 2002.

A. <u>Plaintiff's Previous Lawsuit</u>

Plaintiff claimed he was harassed and terminated in 2002 after he complained to his supervisor, Dr. Philip Lavori ("Dr. Lavori"), about discriminatory treatment. Plaintiff sued the VA

and Dr. Lavori in 2006 based on this alleged conduct, the failure to reinstate him to a mathematical statistician position, and the failure to hire him for another position in 2005. That case resulted in summary judgment for the defendants, a judgment upheld on appeal. *See Hsieh v. Peake, et al.*, No. C06-05281 PJH.

B. Plaintiff's Instant Lawsuit

In November 2009, Plaintiff filed a new lawsuit, this time against defendants Eric Shinseki, Secretary of the Department of Veterans Affairs (the "Federal Defendant"), Stanford University ("Stanford"), and Dr. Lavori. Docket No. 1. His claims against the Federal Defendant involve his three applications for statistician positions in 2009. Apparently, no candidates were hired for two of the positions, and Plaintiff was not hired for the other position.

As for his claims against Stanford, Plaintiff alleges that he applied for three positions at Stanford in 2008 and 2009 but that younger, less-qualified individuals got the jobs. Stanford admits that Plaintiff applied and was not hired for the positions at Stanford but denies Plaintiff's claims of age discrimination and retaliation.

As for his claims against both defendants, Plaintiff alleges that he applied for a joint VA/Stanford position by sending his application materials to Dr. Lavori on May 3, 2009, but an individual ten years younger than Plaintiff, got the job instead. Plaintiff also alleges that he has been "blackballed and blacklisted" by the Federal Defendant and Stanford in retaliation for his prior discrimination complaints and that there is a conspiracy to bar him from employment.

Plaintiff claims that the defendants' actions violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"). Docket No. 46.

Plaintiff filed three motions here, each addressed below.

## DISCUSSION

A. Plaintiff's Motions for Leave to File a Fourth Amended Complaint and for Extension of Time to Complete Discovery

Plaintiff filed his original complaint on November 18, 2009, and within two months, amended his complaint three times to add claims and allegations regarding additional positions to

2

which he applied but was not hired. Docket Nos. 1, 9, 14. Later, in April 2010, after the Court dismissed without prejudice his Second Amended Complaint (although the claims against Dr. Lavori were dismissed with prejudice), Plaintiff amended his complaint once again. Docket No. 46.

Now, Plaintiff moves the Court for leave to file a Fourth Amended Complaint and to extend the November 29 fact discovery cutoff. Docket No. 71 ("Motion to Amend" or "MTA"); Docket No. 72 ("Motion to Extend" or "MTE"). Specifically, Plaintiff wants to amend his complaint to add yet another claim: he says that he applied for a job as a biostatistician at Stanford University on August 25, 2010 and was told that he was not selected for it on September 9. MTA at 2, 5. He alleges that he was not selected for the position because of his age and in retaliation for his prior complaints of discrimination. MTA at 5. Stanford University and the Federal Defendant oppose Plaintiff's motions. Docket No. 78 ("Stanford MTE Opp'n"); Docket No. 83 ("FD MTE Opp'n"). Plaintiff did not file any reply briefs.

In support of his motion for an extension of the fact discovery cutoff, Plaintiff says that the Federal Defendant has failed to completely respond to his Interrogatory Nos. 1 and 31, and he will not have sufficient time to file a motion to compel, if it is necessary. MTE at 2-3. He also argues that, if he is allowed to file a Fourth Amended Complaint, the fact discovery cutoff will need to be extended as well. Id. at 3.

As for Plaintiff's motion for leave to file another amended complaint, the Ninth Circuit has made clear that "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation omitted). Stanford first suggests that Plaintiff's proposed amendment is futile. Stanford MTE Opp'n at 6. It says that, contrary to Plaintiff's assertion, the position that Plaintiff applied for on August 25, 2010 was still open in September when Plaintiff notified the EEOC of his claim, and no decision regarding the position has been made. Indeed, the position was not closed for applications until November 3, and no applicants, including Plaintiff, have been hired or notified of the decision on their applications (although the terms of a hiring offer are apparently being negotiated). Docket No. 79 ("Flanagan MTE Decl."), ¶ 7.

Stanford and the Federal Defendant also argue that yet another amendment is prejudicial to them. First, large amounts of discovery have already been taken on the current claims, and the case would have to be unduly delayed to allow for further discovery on a new claim and new facts.[1] Stanford MTE Opp'n at 6-7. Second, Stanford has prepared its motion for summary judgment based on the Third Amended Complaint (which it plans to filed after this Court rules on Plaintiff's instant motions), and a further amended complaint would require it to re-do its motion. Id. Third, Stanford argues that Plaintiff delayed in bringing his motion. It says that Plaintiff first brought his potential new claim to its attention in September 2010, when Plaintiff stated in an email that he planned to file a separate lawsuit in 2011 rather than amend his complaint in this case. Id. at 4-5; Flanagan Decl., ¶ 6, Ex. 2. Stanford claims it heard nothing else about this new claim until it received Plaintiff's motion. Stanford MTE Opp'n at 5.

The Court agrees with Stanford and the Federal Defendant. The Court is skeptical that Plaintiff could make a *prima facie* case for discrimination since the position for which Plaintiff applied on August 26 reportedly was not even closed for applications until November 3. Also, further amendment of the complaint is prejudicial to Defendants and would unduly delay this case. All parties have conducted a substantial amount of discovery and the deadline to conduct fact discovery has passed. The Court will not permit Plaintiff to file yet another amended complaint at this late stage.

As for Plaintiff's motion to extend the fact discovery cutoff, Stanford and the Federal Defendant argue that it is simply unwarranted. First, the Federal Defendant says that it has now completely responded to Plaintiff's Interrogatory No. 1 (it amended its response on November 10, after Plaintiff filed his motions). FD Opp'n at 5-6, Ex. D. Second, the Federal Defendant's response to Plaintiff's Interrogatory No. 31 was not due until November 23. Plaintiff therefore had until December 6 to file a motion to compel, but he did not.[2] That was more than enough time for Plaintiff to file any such motion, and an extension of the discovery cut-off is not warranted for this

---

[1] Indeed, Stanford says it has already responded to 45 requests for production of documents, 41 interrogatories, and 5 requests for admission, and the Federal Defendant says it has responded to 41 requests for production of documents, 30 interrogatories, and 11 requests for admission. Stanford MTE Opp'n at 3; FD MTE Opp'n at 4.

[2] Under Civil Local Rule 26-2, any motions to compel fact discovery may be filed no later than 7 days after the fact discovery cutoff.

4

reason.  Third, they argue that Plaintiff's motion for leave to file a Fourth Amended Complaint should be denied, so that is also not a valid reason for extending the discovery cutoff.

Again, the Court agrees with Stanford and the Federal Defendant.  Extending the fact discovery period is unnecessary.  His arguments involving Interrogatory Nos. 1 and 31 are moot and the Court has denied his motion for leave to file an amended complaint.  The Court therefore denies Plaintiff's motion for an extension of time to complete discovery.

B.  <u>Plaintiff's Motion to Compel Production of Documents against Stanford University</u>

Plaintiff also moves for an order compelling Stanford to provide complete responses to Plaintiff's Interrogatory No. 24 and Request for Production of Documents No. 25.  Docket No. 76 ("Motion to Compel" or "MTC").  Essentially, Plaintiff wants information about anyone who contacted Dr. Lavori about Plaintiff from 2008 to present and any documentation thereof.[3]

Upon review of Stanford's response to Plaintiff's Interrogatory No. 24, the Court finds Stanford's response to be sufficient.  While Plaintiff apparently believes that Stanford's response is incomplete, he provided no evidence in this regard in his motion or at oral argument.  The Court likewise fails to see any reason to doubt Stanford's response.

As for his RFP No. 25, Plaintiff says that he sent several emails to Dr. Lavori in 2009, but Stanford has not produced them.  MTC at 3.  Plaintiff also says that prospective third party employers may have contacted Dr. Lavori about Plaintiffs' other job applications, but Stanford has not produced any of these emails, either.  Docket No. 88 ("Reply") at 4-5.  For example, as he alleges in the complaint, Plaintiff says he applied for a joint VA/Stanford position by sending his application materials via email to Dr. Lavori on May 3, 2009.  During discovery, Stanford produced to Plaintiff the attachments to this email but did not produce the email.  <u>Id</u>.  Plaintiff says he sent several other emails to Dr. Lavori since then, including an email in December 2009 about settling this lawsuit.  <u>Id</u>.

---

[3] Plaintiff's Interrogatory No. 24 asks Stanford to "[d]escribe in details without limitation the date, place, and circumstance, each and every contact, and the method of contact, the name of persons who contacted or trying to make a contact with Dr. Lavori regarding Plaintiff from 2008 to present," and his Request for Production of Documents No. 25 seeks "[a]ny documents, writings, or tangible things that you identified in response to plaintiff's Interrogatory #24."  Docket No. 81 ("Flanagan MTC Decl."), Exs. 3-4.

Stanford replies that it conducted a diligent search for but found no such emails. Flanagan MTC Decl., ¶¶ 5-7. It says that at the outset of this case, its counsel met with Dr. Lavori and "discussed the need to search for and preserve all email and documents related to Plaintiff's claims." Id. at ¶ 6. Dr. Lavori stated at that time that "while he may have received email from Plaintiff, he likely did not respond and did not still have them," as "after Plaintiff first sued him in 2006, [Dr. Lavori] has not wished to communicate with [Plaintiff]." Id. Dr. Lavori subsequently searched his email and confirmed that he did not have any emails from, to, or about Plaintiff created prior to the filing of Plaintiff's complaint; Dr. Lavori provided counsel with the emails he received after the lawsuit was filed, and these emails were produced to Plaintiff. Id.

With respect to the May 3, 2009 email referred to by Plaintiff, Stanford explains that it looked for the email, but was only able to find the attachments to it. It says that Dr. Lavori did not have a copy of the email, but he probably forwarded it to his assistant; his assistant, in turn, had copies of the attachments but not the email, most likely because her email crashed in August 2009, and virtually all the emails she received from November 24, 2008 to August 28, 2009 were deleted (and were unable to be retrieved by Stanford's IT department). Id. at ¶ 7.

Moreover, it became clear at oral argument that Plaintiff does not actually know whether prospective employers actually contacted Dr. Lavori. Plaintiff said that the prospective employers told him they would contact Dr. Lavori, but aside from these statements, Plaintiff has no evidence that they followed through on them.

In sum, Stanford represents that it has done a diligent search for any information or documents responsive to Plaintiff's Interrogatory No. 24 and Request for Production of Documents No. 25 and has responded appropriately. Plaintiff offers no evidence that Stanford has not done so, and the Court has no reason to believe otherwise, either. The Court cannot require Stanford to provide information or documents it does not have. Plaintiff's motion to compel is denied.

## CONCLUSION

Based on the foregoing, Plaintiff's motions for leave to file an amended complaint, for extension of time to complete discovery, and to compel Stanford to produce documents are all DENIED.

**IT IS SO ORDERED.**

Dated: December 15, 2010



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  **C09-05455 HRL Notice will be electronically mailed to:**

2  Jennifer S Wang          jennifer.s.wang@usdoj.gov, bonny.wong@usdoj.gov, lily.c.ho-vuong@usdoj.gov

3  Rosa Maria Loya          rosa.loya@pillsburylaw.com, docket@pillsburylaw.com
   Sarah G. Flanagan        sarah.flanagan@pillsburylaw.com, docket@pillsburylaw.com, susie.macken@pillsburylaw.com

5  **Notice will be sent by other means to:**

6  Fang-Yuh Hsieh
   1394 University Avenue
7  Palo Alto, CA 94301

8  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**