\*\* E-filed January 6, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FANG-YUH HSIEH,<br><br>  Plaintiff,<br>v.<br><br>STANFORD UNIVERSITY, et al.,<br><br>  Defendants.<br>_____/ | No. C09-05455 HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT STANFORD UNIVERSITY**<br><br>**[Re: Docket Nos. 90, 91]** |

## INTRODUCTION

*Pro se* plaintiff Fang-Yuh Hsieh ("Hsieh") filed two motions for sanctions, one against defendant Eric Shinseki, Secretary of the United States Department of Veterans' Affairs (the "Federal Defendant"), and one against defendant Stanford University ("Stanford"), for the alleged destruction of documents. Docket Nos. 90, 91. At oral argument, Hsieh withdrew his motion against the Federal Defendant. And after consideration of the parties' briefing and oral argument, the Court denies Hsieh's motion against Stanford.

## DISCUSSION

Hsieh filed a motion for sanctions against Stanford that alleges that Stanford destroyed several emails. Docket No. 90. He lists four specific emails that he says were destroyed:

- First, Hsieh says that he sent an email to Dr. Lavori on May 3, 2009 to apply for a job. He says that Dr. Lavori produced the attachments to this email, but not the actual email. In relation to one of Hsieh's previous motions to compel in which this email was addressed,

Stanford explained that it looked for the email, but it was only able to find the attachments. See Docket Nos. 80, 81. It said that Dr. Lavori did not have a copy of the email, but he probably forwarded it to his assistant; his assistant, in turn, had copies of the attachments but not the email, most likely because her email crashed in August 2009, and virtually all of her received emails from November 24, 2008 to August 28, 2009 were deleted (and unable to be retrieved by Stanford's IT department). Hsieh also previously stated that he does not have a copy of his email because he lost many of his sent emails as well.

- Second, Hsieh attaches an October 20, 2009 email from an investigator to Dr. Lavori about an interview related to Hsieh's complaints. While Hsieh acknowledges that he has this email (it was produced by the Federal Defendant bearing Bates-number "VA0319"), Hsieh says that this email was deleted by Dr. Lavori and not produced by either him or Stanford.

- Third, Hsieh attaches an October 19, 2009 email conversation between Dr. Mark Holodniy and Dr. Lavori about the hiring of an applicant for a position for which Hsieh applied. Hsieh acknowledges that this email was produced by the Federal Defendant (indeed, it bears the Bates-number "VA3567"), but he also says that the email was deleted and not produced by Stanford or Dr. Lavori.

- Fourth, Hsieh attaches a December 11, 2009 email he sent to Dr. Lavori about the instant lawsuit. Hsieh acknowledges that the email was produced to him in November 2009, but also says that the original email to Dr. Lavori was deleted and not produced by Dr. Lavori.

In addition to these specific emails, Hsieh makes the claim that several other employers have contacted Dr. Lavori about Hsieh's applications with those other employers, and no emails were produced about those contacts.

Hsieh's motion fails. As an initial matter, the sanction requested by Hsieh — to require Stanford to search its archived data — is not an appropriate sanction for this Court to issue. Such relief is appropriately sought through a motion to compel, not a motion for sanctions. In any event, Hsieh's motion also fails because he has produced no evidence, whether in his papers or at oral

2

argument, that Stanford destroyed any data.[1] He has provided no evidence or basis for his claim that other employers contacted Dr. Lavori about Hsieh or that any such emails were ever destroyed, and with respect to the specific emails described, Hsieh has three of them, and Stanford provided a reasonable, innocuous explanation for the non-production of the May 3, 2009 email. Without any evidence that Stanford destroyed documents, Hsieh's motion for sanctions against Stanford must be denied.

## CONCLUSION

Based on the foregoing, Hsieh's motion for sanctions against Stanford is DENIED.

**IT IS SO ORDERED.**

Dated: January 5, 2011



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Indeed, Hsieh's arguments in this regard are the same ones rejected by the Court in relation to Hsieh's previous motion to compel. Docket Nos. 88, 99.

**C09-05455 HRL** N**otice will be electronically mailed to:**

| | |
|---|---|
| Ana N. Damonte | ana.damonte@pillsburylaw.com, docket@pillsburylaw.com |
| Jennifer S Wang | jennifer.s.wang@usdoj.gov, bonny.wong@usdoj.gov, lily.c.ho vuong@usdoj.gov |
| Rosa Maria Loya | rosa.loya@gmail.com |
| Sarah G. Flanagan | sarah.flanagan@pillsburylaw.com, docket@pillsburylaw.com, susie.macken@pillsburylaw.com |

**5:09-cv-05455-HRL Please see [General Order 45 Section IX C.2 and D](#); Notice has NOT been electronically mailed to:**

Fang-Yuh Hsieh
1394 University Avenue
Palo Alto, CA 94301

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**