**\*\* E-filed April 27, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FANG-YUH HSIEH,<br><br>        Plaintiff,<br>  v.<br><br>STANFORD UNIVERSITY, et al.,<br><br>        Defendants.<br>_____/ | No. C09-05455 HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[Re: Docket Nos. 181, 182]** |

**INTRODUCTION**

On April 20, 2011, this Court granted summary judgment in favor of the Department of Veterans Affairs ("VA") and Stanford University ("Stanford") (collectively, "Defendants") and denied *pro se* plaintiff Fang-Yuh Hsieh's ("Hsieh") motions for summary judgment. Docket No. 179 ("April 20 Order"). Hsieh now asks this Court to reconsider its order. Docket Nos. 181, 182. For the reasons set forth below, the Court DENIES Hsieh's motion.

**DISCUSSION**

The Court assumes familiarity with the facts set forth in the April 20 Order and only briefly summarizes them here. In November 2009, Hsieh filed a lawsuit against the VA, Dr. Philip Lavori ("Lavori"), and Stanford for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA").[1] Docket No. 1.

Hsieh's claims against the VA and Stanford involved seven jobs for which he applied in 2008 and 2009. The parties filed cross-motions for summary judgment. Docket Nos. 100, 116, 127 & 131. Oral argument was heard on February 22, 2011. Docket No. 173. Thereafter the Court granted Defendants' (and denied Hsieh's) respective motions for summary judgment in their entirety. April 20 Order. In its order, the Court set forth the applicable legal burdens and explained, for each position Hsieh alleged, that Hsieh either had not made a *prima facie* case of discrimination or retaliation or had not presented admissible evidence to rebut Defendants' evidence of their legitimate, nondiscriminatory reasons for their employment decisions.

Hsieh's opposition briefs (as well as his own summary judgment motions) relied only on statements in his own declarations.[2] His declarations largely set forth his own subjective personal opinion that he was more qualified than the individuals who were selected for the jobs for which he applied. But, as this Court explained in its order, Hsieh's personal opinion alone is not sufficient to raise a genuine issue of material fact. Schular v. Chronical Broadcasting Co., Inc., 793 F.2d 1010, 1011 (9th Cir. 1986) (citing Smith v. Flax, 618 F.2d 1062, 1067 (4th Cir. 1980)). His declarations also contained numerous statements to which Defendants properly objected on various grounds, including lack of personal knowledge, lack of foundation, hearsay, and improper lay opinion. Accordingly, this Court struck the portions of Hsieh's declarations to which they objected. See April 20 Order at 6 n.2.

Now, Hsieh argues that this Court should have notified him that his declarations lacked admissible evidence. In support of his argument, Hsieh cites several cases in which appellate courts stated that district courts must provide leeway to *pro se* plaintiffs with respect to the procedural requirements for litigating in federal court. See Jaxon v. Circle K Corp., 773 F.2d 1138, 1140 (10th

---

[1] This Court previously dismissed Hsieh's claims against Lavori with prejudice and so only the VA and Stanford remained as defendants when the summary judgment motions were filed. See Docket No. 45.

[2] His declarations also attached a small number of documents produced in discovery, but the Court explained in its order that these emails did not help him. See, e.g., April 20 Order at 9 nn.5-6.

2

Cir. 1985) (reversing summary judgment in favor of defendants where pro se plaintiff submitted unsworn affidavits and where court denied plaintiff's request to remedy the defect); Garaux v. Pulley, 739 F.2d 437, 439-40 (9th Cir. 1984) ("District courts must take care to insure that *pro se* litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings. We hold that where the non-moving party is appearing *pro se,* the notice requirements of Rule 56(c) must be strictly adhered to when a motion to dismiss under Rule 12(b)(6) is converted into one for summary judgment.") (citations omitted).

Hsieh's case is different from the cases he cites. In Garaux, the defendants moved to dismiss the *pro se* plaintiff's complaint and attached related documents. Garaux, 739 F.2d at 438. The plaintiff did not appear at the hearing. Id. Nevertheless, in granting the motion, the district court *sua sponte* converted the motion to dismiss into a motion for summary judgment and considered the attached documents. Id. But in order to do so, under Rules 12 and 56, the plaintiff should have been given a reasonable opportunity to present material made pertinent to a summary judgment motion. Id. The plaintiff was not given such an opportunity, so the appellate court reversed the district court's grant of summary judgment. Id. at 439-40. In this case, Hsieh was fully aware that Defendants' motions (as well as his own motions) sought summary judgment, and he appeared at oral argument.

Likewise, in Jaxon the plaintiff would have gotten past summary judgment but for his unsworn affidavits. Jaxon, 773 F.2d at 1139. Indeed, the appellate court noted that the record revealed material which would have precluded the grant of summary judgment on the plaintiff's claims had that material been submitted in proper form. Id. Here, the record contains no such evidence. The problem with Hsieh's declarations was not that they were unsworn; the problem was that they contained no admissible evidence that helped his case. And, as explained above, his personal opinion alone is not sufficient to raise a genuine issue of material fact.

Based on the foregoing, the Court DENIES Hsieh's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: April 27, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C09-05455 HRL** Notice will be electronically mailed to:

| | |
|---|---|
| Ana N. Damonte | ana.damonte@pillsburylaw.com, docket@pillsburylaw.com |
| Jennifer S Wang | jennifer.s.wang@usdoj.gov, bonny.wong@usdoj.gov, lily.c.ho vuong@usdoj.gov, wilson.wong@usdoj.gov |
| Rosa Maria Loya | rosa.loya@gmail.com |
| Sarah G. Flanagan | sarah.flanagan@pillsburylaw.com, docket@pillsburylaw.com, susie.macken@pillsburylaw.com |

**Notice will be provided by other means to:**

Fang-Yuh Hsieh
1394 University Avenue
Palo Alto, CA 94301

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

4