**\*\* E-filed June 7, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FANG-YUH HSIEH,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>STANFORD UNIVERSITY, et al.,<br><br>　　　　　　Defendant. | No. C09-05455 HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DENY COSTS**<br><br>**[Re: Docket No. 189]** |

*Pro se* plaintiff Fang-Yuh Hsieh ("Hsieh") sued his former employer, the Department of Veterans Affairs (the "Federal Defendant"), his former supervisor, Dr. Philip Lavori ("Lavori"), and Lavori's current employer, Stanford University ("Stanford"), for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), based on alleged discriminatory treatment, the failure to reinstate him as a mathematical statistician, and the failure to hire him for several positions for which he applied. At the outset of this case, the Court denied his application to proceed *in forma pauperis* ("IFP") based on his limited financial resources. Docket No. 7. The Court ultimately granted the Federal Defendant's and the VA's motions for summary judgment and entered judgment in their favor.[1] Docket Nos. 179, 180.

As the prevailing parties, the Federal Defendant submitted a bill of costs totaling $5,073.70, and Stanford submitted a bill of costs totaling $1,822.90, for a total of $6,896.60. Docket Nos. 184,

---

[1] The Court previously dismissed Hsieh's claims against Lavori with prejudice. Docket No. 45.

186. Hsieh moved for the Court to deny, or alternatively, reduce the costs. Docket No. 189. The Federal Defendant and Stanford opposed Hsieh's motion. Docket Nos. 191, 193. Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the June 14, 2011 hearing is vacated.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Ass'n of Mexican Am. Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000) (citing National Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1471 (9th Cir. 1995)). But the court's discretion is not unlimited; it must "specify reasons" for denying costs. Id. at 591-92 (citing Subscription Television, Inc. v. Southern Cal. Theater Owners Ass'n, 576 F.2d 230, 234 (9th Cir. 1978)).

One reason for denying costs has been a non-prevailing party's limited financial resources. See National Org. for Women v. Bank of California, 680 F.2d 1291, 1294 (9th Cir. 1982); see also Wrighten v. Metropolitan Hosps., Inc., 726 F.2d 1346, 1358 (9th Cir. 1984); Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 486 (9th Cir. 1983). Indeed, and especially in civil rights cases, "[i]ndigency is a factor that the district court may properly consider in deciding whether to award costs." Stanley v. Univ. of Southern California, 178 F.3d 1069, 1079-80 (9th Cir. 1999) (citing National Org. for Women v. Bank of California, 680 F.2d at 1294 (9th Cir. 1982)).

## DISCUSSION

In his motion, which he submitted under penalty of perjury, Hsieh claims that he cannot pay the costs because (a) his monthly costs total $5,013 and (b) he does not have a job and his wife only earns about $4,244 per month.[2] The Federal Defendant and Stanford argue that Hsieh is not indigent

---

[2] Hsieh also argues that his lawsuit was filed in good faith and so the costs should be denied on that basis. The Ninth Circuit, however, has previously held this argument to be insufficient to justify the denial of costs to a prevailing party. See National Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1471 (9th Cir. 1995) (district court abused its discretion by denying costs based on the insufficient reason that the plaintiffs brought their case in good faith and without vexatious purpose).

(evidenced by the Court's denial of his IFP application) and that he simply has not sufficiently demonstrated that he lacks the ability to pay the costs. And, given his continuous litigation (this is his third lawsuit of this kind), they suggest that Hsieh needs to understand that filing losing lawsuits has consequences.

Given his limited financial resources and his civil rights claims, the Court finds Hsieh's argument compelling enough to reduce the costs to him. In Stanley, the Ninth Circuit found that the "mere fact that [the non-prevailing plaintiff] had not obtained employment at the time of the filing of the cost bill is persuasive evidence of the possibility she would be rendered indigent" if she were made to pay the $46,710.97 in costs awarded by the district court. Stanley, 178 F.3d at 1080 (9th Cir. 1999). Here, Hsieh has no job and relies upon his wife's income, and it is clear from their monthly income and expenses that he cannot afford to pay the full $6,896.60 in costs.[3] However, since he is not entirely indigent and the costs are not exorbitant, Hsieh should pay most of them. Accordingly, the Court reduces the costs by one-third: Hsieh shall pay $3,382.47 to the Federal Defendant and $1,215.27 to Stanford, for a total of $4,597.74.

## CONCLUSION

Based on the foregoing, Hsieh's motion to deny costs is GRANTED IN PART and DENIED IN PART. Hsieh shall pay costs of $3,382.47 to the Federal Defendant and $1,215.27 to Stanford.

**IT IS SO ORDERED.**

Dated: June 7, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] The Federal Defendant and Stanford contend that Hsieh owns $12,000 worth of stock and owns a house worth $900,000, but Hsieh replies that his mortgage is underwater and that he sold the stock in order to pay the property taxes on the house. Regardless, the Court is not convinced that Hsieh can afford to pay the entire amount of costs.

3

**C09-05455 HRL N**otice will be electronically mailed to:

| | |
|---|---|
| Ana N. Damonte | ana.damonte@pillsburylaw.com, docket@pillsburylaw.com |
| Jennifer S Wang | jennifer.s.wang@usdoj.gov, bonny.wong@usdoj.gov, lily.c.ho vuong@usdoj.gov, wilson.wong@usdoj.gov |
| Rosa Maria Loya | rosa.loya@gmail.com |
| Sarah G. Flanagan | sarah.flanagan@pillsburylaw.com, docket@pillsburylaw.com, susie.macken@pillsburylaw.com |

**Notice will be provided by other means to:**

Fang-Yuh Hsieh
1394 University Avenue
Palo Alto, CA 94301

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**